(115 App. Div. 62)

## MOORE v. WESTCHESTER ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1906.)

STREET RAILROADS—INJURY TO TRAVELERS—ACTION—EVIDENCE.

Where defendant's street car struck the rear of a van loaded with furniture, which plaintiff was driving, with such force as to throw plaintiff from his seat and inflict serious injuries on him, evidence as to the injured condition of the furniture, immediately after the collision, was admissible to show the force of the impact, and on the issue of the speed of the car just prior to the collision.

Appeal from Westchester County Court.

Action by Charles C. Moore against the Westchester Electric Railroad Company. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

Sydney A. Syme, for appellant.
Edward D. O'Brien, for respondent.

HOOKER, J. The action is to recover damages for the negligent operation of one of the defendant's street cars, by reason of which a van upon which the plaintiff was riding, driven in the car tracks along which the street car was approaching, was struck from the rear by the car with such violence as to throw the plaintiff from his seat and inflict serious injuries upon him.

Carbrey, a witness called by the plaintiff, was the owner of the van and horses injured in the collision. He arrived at the scene of the accident very soon after it took place, and describes the injuries to the van and to the front part of the street car. It appears that the van was loaded with furniture. He was asked on direct examination: "Q. What was the condition of that furniture in regard to being injured?" The question was objected to, the objection was sustained, and the plaintiff excepted. In view of the fact that the principal questions in the case, and especially that as to the defendant's negligence and the speed of the car, were sharply contested, and presented close questions of fact for the jury's consideration, we think that the manifest mistake in excluding this question attained to the dignity of reversible error. The evidence was important for the purpose of showing the force of the impact, and inferentially the speed of the car, at that time. The questions of fact were so sharply contested and evenly balanced, when the case went to the jury, that it is not unreasonable to suppose that this error would have affected the result, especially as there appears to be no other evidence touching the condition of the furniture in the van.

The judgment must therefore be reversed, and a new trial ordered.

Judgment and order of the County Court of Westchester county reversed, and new trial ordered, costs to abide the event. All concur.